IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-02844-LTB-KLM

THOMAS G. KRUSE, and
SUSAN KRUSE,

        Plaintiffs,
v.

COUNTRYWIDE HOME LOAN SERVICING, LP, and
GREENPOINT MORTGAGE FUNDING, INC.,

        Defendants.

_____

ORDER
_____

This matter is before me on a Motion for Judgment on the Pleadings [**Doc # 12**], in which Defendants Countrywide Home Loan Servicing, LP and GreenPoint Mortgage Funding, Inc., seek dismissal of the claims filed against them by Plaintiffs Thomas G. Kruse and Susan Kruse (the "Kruses"), pursuant to Fed. R. Civ. P. 12(c). Oral arguments would not materially assist me in the determination of this motion. After consideration of the parties' arguments, and for the reason stated, I GRANT IN PART AND DENY IN PART the motion as follows.

**I. BACKGROUND**

In May of 2007, Mr. Kruse applied for residential financing through Defendant GreenPoint Mortgage. The resulting residential mortgage loan closed on June 29, 2007, in the amount of $257,400, at which time Mr. Kruse purchased his residence at 8785 Cresthill Lane in Highlands Ranch. Thereafter, almost two years later on May 8, 2009, Mr. Kruse sent a Notice

of Rescission to "the lender at the appropriate address." The Kruses assert that they did not receive a response to the notice, but instead that Defendant Countywide "failed to comply with its obligations upon rescission" and foreclosed upon the Kruses' residence on or about September 2, 2009.

On November 5, 2009, the Kruses filed this lawsuit in state court asking that the Court enter a declaratory judgment "establishing that the mortgage on [their] home has been rescinded." They also sought damages for alleged disclosure violations related to their residential mortgage. Defendants subsequently removed the case to this court, on December 4, 2009, on diversity jurisdiction grounds under 28 U.S.C. § 1332(a). In this motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), Defendants maintain that the Kruses' complaint should be dismissed in that all the claims asserted therein are either time barred, or they fail to state a plausible claim for relief.

## II. STANDARD OF REVIEW

Fed.R.Civ.P. 12(c) provides that "[a]fter pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and the same standard is applied. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n. 2 (10th Cir. 2002).

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow,* 511 F.3d 1072, 1078 (10th Cir. 2007); *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). A complaint

will survive dismissal if it alleges a plausible claim for relief – that is, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. Rather, "[t]he question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law." *Christy Sports, LLC v. Deer Valley Resort Co., Ltd.,* 555 F.3d 1188, 1192 (10th Cir. 2009)(*citing Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___U.S.___ , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). It is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability and, likewise, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. LENDER LAW VIOLATIONS

In their complaint – which I note is not the model of clarity – the Kruses seek actual and statutory damages for Defendants' alleged failure and/or refusal to make disclosures required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Homeowners Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* In this motion, Defendants seek dismissal of the Kruses' alleged disclosure violations on the basis that they are barred by the one-year statute of limitations.

3

TILA, HOEPA and RESPA are federal lender laws that implement disclosure requirements intended to protect and inform consumers in credit transactions. TILA provides that "[a]ny action under this section may be brought in any United States district court . . . within one year from the date of the occurrence of the violation . . . " 15 U.S.C. § 1640(e). Because HOEPA is an amendment to, or component of, TILA – in that HOEPA was enacted to place similar requirements on high-cost loans – it is governed by the same statute of limitations. *See In re Cmty. Bank of Northern Va.,* 418 F.3d 277, 304-05 (3d Cir. 2005)(noting that there is a "one-year statute of limitations on affirmative TILA and HOEPA claims"); *McDaniel v. Denver Lending Group, Inc*., 2009 WL 1873581, 14 (D. Colo. 2009)(ruling that because HOEPA is an amendment of TILA, the one-year statute of limitations also applies)(*citing Foster v. EquiCredit Corp., No. Civ. A. 99-6393*, 2001 WL 177188 (E.D. Pa. Jan. 26, 2001)(unpublished decision)). Finally, to the extent that RESPA provides a private cause of action for failure to disclose, any such claim also has a one-year statute of limitations. 12 U.S.C. § 2614; *Reese v. 1st Metropolitan Mortg. Co.*, 2003 WL 22454658 (D. Kan. 2003)(unpublished decision); *see also Sanborn v. American Lending Network,* 506 F.Supp.2d 917, 923 (D. Utah 2007)(ruling that the defendants were entitled to judgment as a matter of law because 12 U.S.C. § 2303(a) did not provide the plaintiff a private cause of action related to her claim that she was not provided an accurate HUD-1).

## A. Violations In Obtaining Loan

The Kruses' complaint alleges various disclosure violations that occurred during the application process and at the closing of their residential mortgage on June 29, 2007. They filed this lawsuit over two years later on November 5, 2009. As such, their claims that Defendants

violated disclosure requirements under TILA, HOEPA and RESPA are untimely. *See Betancourt v. Countrywide Home Loans, Inc.,* 344 F.Supp.2d 1253, 1258 (D.Colo. 2004)(indicating that Courts have predominantly found the "date of the occurrence" triggering the limitations period refers to the date of the closing of the loan); *see also Personius v. Homeamerican Credit, Inc.*, 234 F.Supp.2d 817, 820 (N.D.Ill. 2002).

To the extent that the Kruses assert that their claims cannot be dismissed as untimely under Fed. R. Civ. P. 12(b), because statute of limitations arguments is an affirmative defense, I conclude that the face of the complaint is clear that the statute of limitations has run on their claims related to disclosure violations at the time of their closing of their residential mortgage. *See Aldrich v. McCulloch Properties, Inc*., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)("when the dates given in the complaint make clear that the right sued upon has been extinguished . . . statute of limitations questions may . . . be appropriately resolved on a Fed.R.Civ.P. 12(b) motion")(citations omitted); *Turner and Boisseau, Inc. v. Nationwide Mut. Ins. Co.,* 944 F.Supp. 842, 844 (D. Kan. 1996).

The Kruses also argue that the one-year limitations period does not apply to their disclosure claims because they are grounded in rescission, and 15 U.S.C. § 1635(f) provides that the obligator's continuing right of rescission does not expire until three years after the date of consummation or the date of the sale of the property. *See also* 15 U.S.C. § 1639(j); 12 C.F.R. 226.23(a)(3). However, non-rescission claims – such as disclosure violations – cannot overcome the one-year limitations period by linking those claims to a rescission claim. *See Betancourt v. Countrywide Home Loans, supra,* 344 F.Supp.2d at1258; *see also Rodrigues v. Members Mortgage Co., Inc.,* 323 F.Supp.2d 202, 206 (D.Mass. 2004).

Finally, although it is possible that the one-year statute of limitations may be equitably tolled, the Kruses do not assert any argument or allege any facts that would support such a determination. *See Ellis v. General Motors Acceptance Corp*., 160 F.3d 703, 706 (11th Cir. 1998)(holding that the TILA statute of limitations is subject to equitable tolling); *In re Lewis,* No. KS-05-022, 2006 WL 1308352 (10th Cir. 2006)(unpublished decision); *Perkins v. Johnson,* 551 F.Supp.2d 1246, 1253 (D.Colo. 2008)(same as to RESPA). I note that equitable tolling is only available where a plaintiff "diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Garcia v. Shanks*, 351 F.3d 468, 473 n. 2 (10th Cir. 2003).

As a result, I conclude that the Kruses' claims under TILA, HOEPA and RESPA seeking statutory and actual damages for alleged disclosure violations related to the procurement of their residential mortgage are time barred and, as such, those claims are dismissed. *Betancourt v. Countrywide Home Loans, supra,* 344 F.Supp.2d at 1258.

**B.  Violation Related to Rescission**

In their complaint, the Kruses also assert that Defendants failed to comply with their "obligations upon rescission," and that they are entitled to statutory damages "for the failure to respond to a lawful notice of rescission."

A plaintiff may seek damages for a creditor's failure to honor a valid rescission request pursuant to 15 U.S.C. § 1640(a)(stating that "any creditor who fails to comply with any requirement imposed under [15 U.S.C. § 1635] . . . is liable to such person . . . for statutory damages, including the costs of the action, together with a reasonable attorney's fee as determined by the court.") For claims of failure to effectuate rescission, the date of the

occurrence of the violation is the earlier of when the creditor refuses to effectuate rescission, or twenty days after it receives the notice of rescission. *See In re Fox,* 391 B.R. 772, 779 (Bkrtcy. N.D. Ohio 2008); *Tucker v. Beneficial Mortg. Co.*, 437 F. Supp. 2d 584 (E.D. Va. 2006); *Velazquez v. Home American Credit, Inc.,* 254 F.Supp.2d 1043, 1048 (N.D. Ill. 2003)(stating that the statute of limitations begins to run from the date creditor refuses to rescind).

Here, the Kruses allege in their complaint that: Mr. Kruse sent a Notice of Rescission to "the lender at the appropriate address" on May 8, 2009; that Defendant Countywide "failed to comply with its obligations upon rescission; " and that the Kruses did not receive a response to the notice but, instead, Defendants thereafter foreclosed upon the Kruses' residence. The Kruses filed this lawsuit approximately six month later on November 5, 2009.

Therefore, I conclude that the Kruses' specific claim that Defendants failed to comply with their "obligations upon rescission" and that they are entitled to statutory damages "for the failure to respond to a lawful notice of rescission" cannot be dismissed, pursuant to Fed. R. Civ. P. 12(b)(6), because the complaint does not show, on its face, that the applicable statute of limitations has expired. *See Aldrich v. McCulloch Properties, supra.*

### III.  DECLARATORY RELIEF

The complaint also seeks relief in the form of a declaratory judgment "establishing that the mortgage on [Mr. Kruse's] home has been rescinded in accordance with TILA, HOEPA, RESPA and state law, that the Defendants are not entitled to proceed with any sale of this property and that title to the [p]roperty remains with Mr. Kruse, together with an award of costs, . . . attorney fees, and such other and further relief as may be just under the circumstances." Defendants assert that this claim should be dismissed because there is no private cause of action

for a rescission claim under TILA.

TILA provides a borrower with the right to rescind a loan transaction for three business days following the consummation of the transaction. 15 U.S.C. § 1635(a). This right can be extended, under certain circumstances, to up to three years later. 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3). However, this three-year extension of the right to rescind is limited to certain situations, and specifically does not apply to a residential mortgage transaction as is relevant here. 15 U.S.C. 1635(e) & § 1602(w); 12 C.F.R. 226.23(f); *see also Betancourt v. Countrywide Home Loans, supra*, 344 F.Supp.2d at 1260 ("there is no statutory right of rescission under 15 U.S.C. § 1635(e) where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside").

The Kruses do not directly challenge Defendants' argument. Instead, they maintain that their complaint alleges a right to rescind under both federal and state law. Specifically, they argue that Colorado law provides a three-year right of rescission when an "insufficient statement of the notice of cancellation or similar requirement is provided to the buyer" pursuant to Colorado Revived Statute § 5-3-403. The statute relied upon by the Kruses is clearly inapplicable here, however, as it relates to a buyer's right to rescind an offer to purchase in a home sale. And, while the Kruses indicate that they "do not concede any of Defendants' arguments regarding the validity of the claims asserted," they fail to argue any other alternative legal basis to support their claim for rescission.

As a result, even assuming all of the facts in the complaint are true and drawing all reasonable inferences therefrom in the light most favorable to the Kruses, the complaint does not allege claim for declaratory relief in that the Kruses have failed to assert a plausible claim for

rescission. *Bell Atl. Corp. v. Twombly*, *supra*, 550 U.S. at 555. As such, I conclude that the claim seeking declaratory relief for rescission is dismissed pursuant to Fed. R. Civ. P. 12(c).

## IV. MISREPRESENTATION CLAIM

Finally, I address the Kruses' general allegation in their complaint that the "nature and type of loan was misrepresented." Specifically, the complaint alleges a disclosure violation by Defendants as follows:

> <u>Nature and Type of Loan was Misrepresented</u>: Two of the required disclosure statements characterized the loan as a Conventional Uninsured fixed rate 30 year loan at 7.785% interest. In reality, it is a 10 year Adjustable Rate Mortgage (ARM) that can range up to 9.186% interest. This is a significant and substantial misrepresentation.

This is the entirety of the allegation as set forth in the Kruses' complaint.

I again note that the Kruses fail to address or respond to Defendant's argument that this assertion is insufficient to set forth a plausible claim upon which relief can be granted. Indeed, I agree with Defendants in that this is the quintessential case of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that are insufficient to survive dismissal under the standards of Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, *supra*, 129 S.Ct. at 1949. To the extent that the Kruses attempt to assert a claim for misrepresentation, it is dismissed under Fed. R. Civ. P. 12(c) for failure to state a plausible claim upon which relief can be granted.

## V. MISCELLANEOUS

As a final matter, I note that in their response the Kruses seek relief outside of the parameters of this motion. First, the Kruses request that "if this Court determines that [their] complaint is somehow defective, [they] respectfully request leave to amend the complaint and

9

will file a motion for leave to amend under separate cover" to "correct any perceived deficiencies with claims," to "include Bank of America as a Defendant and the proper party in interest," and to "assert additional claims and facts . . . recently discovered." In addition, the Kruses ask that "[t]o the extent this Court is at all persuaded by Defendants' Motion, Mr. and Mrs. Kruse respectfully request that this Court stay any decision until discovery can be conducted that might support the Kruses' claim."

However, because the local civil rules of practice provide, in pertinent part, that "[a] motion shall not be included in a response or reply to the original motion" but rather require that a "motion shall be made in a separate paper," I decline to address the Kruses' requests. D.C. Colo. L. Civ. R. 7.1(C); *see also Tarbet v. Miller*, 2006 WL 1982747, 2 (D.Utah 2006) (unpublished opinion)(ruling that "[n]othing in Rule 12(b)(6) or 12(c) requires the court to allow the plaintiffs to conduct discovery before the court considers" a motion to dismiss for failure to state a claim).


Accordingly, I GRANT IN PART AND DENY IN PART the Motion for Judgment on the Pleadings [**Doc # 12**], pursuant to Fed. R. Civ. P. 12(c), filed by Defendants Countrywide Home Loan Servicing, LP and GreenPoint Mortgage Funding, Inc., in that I GRANT the motion as to the following claims asserted by Plaintiffs, Thomas G. and Susan Kruse in their Complaint:

    1) I DISMISS as untimely the claims in the Complaint seeking damages for alleged disclosure violations*,* prior to or at the time the Kruses closed on their residential mortgage, pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*., the Homeowners Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.;*
    2) I DISMISS the claim in the Complaint seeking declaratory relief for rescission, for failure to assert a plausible claim for relief pursuant to Fed. R. Civ. P. 12(b)(6); and

10

3) I DISMISS the claim in the Complaint to the extent that it attempts to assert a claim for misrepresentation, for failure assert a plausible claim for relief pursuant to Fed. R. Civ. P. 12(b)(6);

As a result, I DENY the motion as to the sole remaining claim asserted in the Complaint that Defendants failed to comply with their "obligations upon rescission" and that the Kruses are entitled to statutory damages "for the failure to respond to a lawful notice of rescission."

Finally, I DENY the Kruses' requests for relief, sought in their response to this motion for leave to amend the complaint and to stay my decision until discovery can be conducted.

Dated: September 22, 2010, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE